```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 9 / 15 / 10          │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                   Plaintiff,

       - v. -

$733,804.92  IN UNITED STATES CURRENCY
FUNDS CURRENTLY ON DEPOSIT AT
GOLDWATER BANK, N.A. IN SCOTTSDALE,
ARIZONA, IN ACCOUNT NUMBER 160270,

              Defendant *in rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER OF
SETTLEMENT**

10 Civ. 6889 (KMW)

       WHEREAS, on September 14, 2010, plaintiff United States of America (the

"Government") filed a Verified Complaint (the "Complaint") against the above-captioned

Defendant *in rem*, (a) under Title 18, United States Code, Sections 981(a)(1)(A) and 984 as

property involved in actual or attempted money laundering transactions in violation of Title 18,

United States Code, Section 1956(a)(2)(A), or as property traceable to such property, (b) under

Title 18, United States Code, Sections 981(a)(1)(C) and 984 as property that constitutes or is

derived from proceeds traceable to the operation of an illegal gambling business, in violation of

Title 18, United States Code, Section 1955 and the illegal transmission of gambling information,

in violation of Title 18, United States Code, Section 1084, or as property traceable to such

property, and (c) under Title 18, United States Code, Section 1955(d), as property used in

violation of Title 18, United States Code, Section 1955(a), or as property traceable to such

property;

       WHEREAS, the only person or entity known by the Government to have an

interest in the Defendant *in rem* is Goldwater Bank, N.A.;

WHEREAS, the Government alleges in the Complaint that Goldwater Bank, N.A. was paid for processing ACH transactions with funds traceable to unlawful activity and that some of these ACH transactions constituted illegal financial transactions promoting an illegal online gambling business;

WHEREAS, Goldwater Bank, N.A. represents that it did not know that the ACH transactions requested by its client were being made to promote an illegal online gambling business;

WHEREAS, Goldwater Bank, N.A. represents that the Defendant *in rem* is equal in value to the net income that it received to process these ACH transactions not including certain funds that it paid to other companies to assist in processing the ACH transactions and further represents that it has incurred significant additional expenses in connection with processing these ACH transactions, including over $1.3 million in ACH charge-backs and returns for which it has not been paid by its former client Allied Wallet, Inc.;

WHEREAS, the United States of America and Goldwater Bank, N.A. have agreed to treat the Defendant *in rem* as a substitute *res* and Goldwater Bank, N.A. has agreed not to dispute that the Defendant *in rem* is directly traceable to the alleged transfers from Allied Wallet, Inc. to Goldwater Bank, N.A. alleged in the Complaint; and

WHEREAS, the United States of America and Goldwater Bank, N.A. wish to resolve this forfeiture matter without resort to litigation; therefore

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, through its attorney Preet Bharara, by Assistant United States Attorney Jeffrey Alberts, and Goldwater Bank, N.A. (collectively the "Parties"):

1.      Goldwater Bank, N.A. represents that it is the sole owner of the Defendant *in rem*.

2.      The Parties agree that the Defendant *in rem*, shall be forfeited to the United States, for disposition according to law, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 984, and 1955(d), without Goldwater Bank, N.A. admitting any liability thereunder.  Goldwater Bank, N.A. represents that within five days of the Court entering this Stipulation and Order it will wire the Defendant *in rem* (in the amount of $733,804.92) to the following account of the United States Marshals Service ("USMS"):

> ABA# 021030004
> ALC# 00008154
> US Marshals Service
> c/o Federal Reserve Bank of NY
> 33 Liberty Street

3.      Goldwater Bank, N.A. agrees that to further protect the American taxpayer's investment in Goldwater Bank, N.A. by and through the Troubled Asset Relief Program (TARP), it shall hereafter fully comply with the Anti-Money Laundering requirements of the Bank Secrecy Act, contained at 31 U.S.C. § 5318(h), and the implementing regulations thereunder, including but not limited to the following critical provisions:

    a.      The development and implementation of internal Anti-Money Laundering policies, procedures and controls;

    b.      The designation of a compliance officer with the qualifications, authority and resources necessary to ensure the bank's continuing full compliance with the Anti-Money Laundering requirements of the Bank Secrecy Act;

    c.      The implementation of a formal employee Anti-Money

3

Laundering/Bank Secrecy Act training program; and

        d.      The creation and maintenance of an independent audit function to test the bank's compliance with the Bank Secrecy Act.

        4.      By reason of the agreements in paragraphs 1 through 3 above, the Government and Goldwater Bank, N.A. hereby fully and finally compromise, settle, and dispose of (i) any and all civil forfeiture and/or civil money laundering claims or causes of action that the United States may have or may claim to have against Goldwater Bank, N.A. in connection with activity described in the Complaint and (ii) any and all claims, causes of action and/or affirmative defenses or counterclaims that Goldwater Bank, N.A. may have or may claim to have against the Government relating to the activity described in the Complaint.

        5.      Goldwater Bank, N.A. is hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the FBI and the United States Attorney's Office for the Southern District of New York) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendant *in rem* or any of the property seized from Goldwater Bank, N.A., as described in Exhibit A of the Verified Complaint (the "Seized Property"), including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendant *in rem* or the Seized Property, that the United States is liable for any expenses, including any ACH charge-backs, that Goldwater Bank, N.A. incurred due to the seizure of the Defendant *in rem* or the Seized Property, that Goldwater Bank, N.A. is a prevailing party, or that Goldwater Bank, N.A. is entitled to attorney's fees or any award of interest.

        6.      Goldwater Bank, N.A. agrees not to take any action, and is hereby barred

4

from, asserting claims to the Defendant *in rem* and/or petitions for remission relating to the

Defendant *in rem*.  Furthermore, Goldwater Bank, N.A. hereby waive all rights to appeal or to

otherwise challenge or contest the validity of this Stipulation and Order.

       7.   This Stipulation and Order shall in no way be deemed an admission of

culpability, liability, guilt, or violation of law or regulation on behalf of Goldwater Bank, N.A.,

or of the plaintiff United States or any of their respective agents, officers or employees, past and

present.  Further, this Stipulation and Order shall in no way constitute any reflection upon the

merits of the claims and defenses asserted respectively by the United States and Goldwater Bank,

N.A..

       8.   Each party shall bear its own costs and attorney's fees.

       9.   This Stipulation and Order may be executed in counterparts, each of which

shall constitute an original as against the party whose signature appears on it.  All executed

counterparts shall be deemed to be one and the same instrument.  This Stipulation and Order

shall become binding when one or more counterparts, individually or taken together, bears the

signature of all Parties.  A facsimile or electronic image of the original signature of any party

executing this Stipulation and Order shall be deemed an original signature and shall constitute an

original as against the party whose signature appears in the facsimile or electronic image.

**The Clerk of Court is directed
to close this case.  Any pending
motions are moot.**

5

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York


BY:   JEFFREY ALBERTS                              9/14/2010
      Assistant United States Attorney             DATE
      300 Quarropas Street, Third Floor
      White Plains, NY 10601
      (914) 993-1965
      *Counsel to Plaintiff United States*
      *of America*



Goldwater Bank, N.A.



BY:   James R. Brewer                              DATE
      President and Chief Executive Officer
      Goldwater Bank, N.A.



SO ORDERED:



UNITED STATES DISTRICT JUDGE                       DATE

6

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York


BY:   _____          _____
      JEFFREY ALBERTS                       DATE
      Assistant United States Attorney
      300 Quarropas Street, Third Floor
      White Plains, NY 10601
      (914) 993-1965
      *Counsel to Plaintiff United States*
      *of America*


Goldwater Bank, N.A.


BY:   _____          9/14/2010
      James R. Brewer                       DATE
      President and Chief Executive Officer
      Goldwater Bank, N.A.


SO ORDERED:


_____          _____
UNITED STATES DISTRICT JUDGE             DATE

6

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York


BY: _____        _____     DATE
    JEFFREY ALBERTS
    Assistant United States Attorney
    300 Quarropas Street, Third Floor
    White Plains, NY 10601
    (914) 993-1965
    *Counsel to Plaintiff United States
    of America*


Goldwater Bank, N.A.


BY: _____        _____     DATE
    James R. Brewer
    President and Chief Executive Officer
    Goldwater Bank, N.A.


SO ORDERED:

*Kimba M. Wood*                       9-15-10
UNITED STATES DISTRICT JUDGE          DATE


6